UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21112-CIV-JAL

DONYS FRANCISCO GONZALEZ
MERCADO, ERNESTO JOSE HERNANDEZ
AMADOR, and all others similarly situated
Under 29 U.S.C. 216(b),

    Plaintiffs,

Vs.

LOEWEN DÉCOR, INC., and
ANDRES S. LOWENTRAUT,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT[1]

Defendants, Loewen Décor, Inc. and Andres S. Lowentraut ("Defendants"), by and through undersigned counsel, hereby file and serve their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, and respectfully state as follows:

    1.    Defendants admit the allegations in paragraph 1 for jurisdictional purposes only, but deny same for any other purpose.

    2.    Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 2 and, therefore, deny same.

    3.    Defendants admit that Defendant Loewen Décor, Inc. is a corporation that regularly transacts business within Miami-Dade County, that it is subject to the

---

[1] Defendants were served with the initial Complaint and have not received service of the Amended Complaint. Defendants nevertheless submit their Answers and Affirmative Defenses to the Amended Complaint.

385359

requirements of the FLSA, and that Plaintiffs performed services for Defendant Loewen Décor, Inc.  Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit that individual Defendant, Andres S. Lowentraut, is a corporate officer, owner and Manager of Defendant Loewen Décor, Inc.  Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 4 of the Complaint and, therefore, deny same.

5. Defendants admit the allegations in paragraph 5 for jurisdictional purposes only, but deny same for any other purpose.

## COUNT I – Federal Overtime Wage Violation

6. Defendants admit that this is an action under the Fair Labor and Standards Act seeking recovery of unpaid overtime.  Defendants deny the remaining allegations in paragraph 6, including that there are any employees similarly situated to Plaintiffs.

7. Defendants admit the allegations in paragraph 7 for jurisdictional purposes only, but deny same for any other purpose.

8. Defendants state that 29 U.S.C. Section 207(a)(1) speaks for itself and the allegations in paragraph 8 do not require admission or denial.  Otherwise Defendants deny the allegations in paragraph 8.

9. Defendants admit that Plaintiff Donys Francisco Gonzalez Mercado performed certain carpentry services for Defendant Loewen Décor, Inc. from, on or about June 10, 2012 through March 24, 2016, Defendants deny the remaining allegations in paragraph 9.

385359

10. Defendants admit that Plaintiff Ernesto Jose Hernandez Amador performed certain carpentry services for Defendant Loewen Décor, Inc. from, on or about April 14, 2008 through March 24, 2016. Defendants deny the remaining allegations in paragraph 10.

11. Defendants admit that former Plaintiff Alfonso Enmanuel Vazquez Mata performed certain carpentry services for Defendant Loewen Décor, Inc. from on or about September 22, 2008 through March 25, 2016. Defendants deny the remaining allegations in paragraphs 11 and further state that Vazquez Mata filed a Notice of Voluntary Dismissal of his claims on May 6, 2016.

12. Defendants admit that Defendant Loewen Décor, Inc. is subject to the requirements of the FLSA. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 12 and, therefore, deny same.

13. Defendants admit that Defendant Loewen Décor, Inc. is subject to the requirements of the FLSA. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 13 and, therefore, deny same.

14. Defendants admit the allegations in paragraph 14 for jurisdictional purposes only, but deny same for any other purpose.

15. Defendants admit the allegations in paragraph 15 for jurisdictional purposes only, but deny same for any other purpose.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18 and further state that on May 6, 2016, Vazquez Mata filed a Notice of Voluntary Dismissal of his claims.

385359

19. Defendants deny the allegations in paragraph 19.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the WHEREFORE paragraph in the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. At all relevant times, Defendants acted in good faith and had reasonable grounds for believing that any act or omission was not a violation of the FLSA because Plaintiffs never informed the Defendants that they were not paid overtime or reported that they had worked any overtime hours for which they were not paid.

2. Any violation of the FLSA by Defendants was not willful and wholly unintentional because Plaintiffs never informed the Defendants that they were not paid overtime or reported that they had worked any overtime hours for which they were not paid.

3. Plaintiffs' claims are barred, in part, by the applicable statute of limitations. Plaintiffs filed the instant lawsuit on March 31, 2016. Pursuant to 29 U.S.C. §255, the statute of limitations for a claim of unpaid wages is two (2) years unless Plaintiffs prove that the actions of Defendants were willful, in which case it is three (3) years, which to date they have not done. Thus, the applicable time period for which Plaintiffs may seek recovery of wages is March 29, 2014 through March 31, 2016.

4. Plaintiffs were paid based on the work performed and reported by Plaintiffs. Therefore, to the extent that Plaintiffs worked any infrequent and insignificant periods of time which cannot be precisely reported for payroll purposes such periods of time are *de minimis* and not compensable under the FLSA.

5. Plaintiffs were paid based on the work performed and reported by Plaintiffs. Therefore, if Plaintiffs worked more than forty (40) hours per week as alleged in the Complaint they did so without the actual or constructive knowledge or consent of Defendants and, therefore, are not entitled to extra pay for such time. *Debose v. Broward Health*, 2009 WL 4884535 (S.D. Fla. 2009).

6. Plaintiffs were paid based on the work performed and reported by Plaintiffs. Plaintiffs are not entitled to additional compensation because Plaintiffs failed to notify or deliberately prevented Defendants from acquiring knowledge of the alleged overtime they claim to have worked. *Debose v. Broward Health*, 2009 WL 4884535 (S.D. Fla. 2009). Plaintiffs never informed the Defendants that they were not paid overtime or report that they had worked any overtime hours for which they were not paid.

7. Plaintiffs Complaint fails to state a claim upon which relief can be granted because Plaintiffs have not pled their claims under the FLSA with the necessary specificity, and only assert conclusory allegations. See, Landers v. Quality Communications, No. 12-15890 (9th Cir., Nov. 12, 2014); see also Holaway v. Stratasys, Inc., No. 14-1146 (8th Cir., Nov. 6, 2014).

8. Plaintiffs' claims for damages are limited as set forth in 29 U.S.C. § 216(b).

9. Defendants reserve the right to raise additional Affirmative Defenses as this case progresses.

Respectfully submitted,

Dated: **May 24, 2016**

s/Rodolfo Gomez
Rodolfo Gomez
Florida Bar No. 0820903
rgomez@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Third Floor
Coral Gables, Florida 33134
Tel.:   (305) 445-7801
Fax:   (305) 442-1578
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on **May 24, 2016**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Rodolfo Gomez
Attorney

385359

## **SERVICE LIST**

<u>Donys Francisco Gonzalez Mercado, et al. vs. Loewen Décor, Inc., et al.</u>

**CASE NO.: 1:16-cv-21112-JAL**

Jamie H. Zidell, Esq.
zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel.: (305) 865-6766
Fax.: (305) 865-7167
*Counsel for Plaintiffs*

Rodolfo Gomez, Esq.
rgomez@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Defendants*

385359