UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21112-CIV-JAL

DONYS FRANCISCO GONZALEZ
MERCADO, ERNESTO JOSE HERNANDEZ
AMADOR, and all others similarly situated
Under 29 U.S.C. 216(b),

    Plaintiffs,

Vs.

LOEWEN DÉCOR, INC., and
ANDRES S. LOWENTRAUT,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF CLAIM[1]

Defendants, LOEWEN DÉCOR, INC. and ANDRES S. LOWENTRAUT (hereinafter "Defendants"), by and through undersigned counsel, hereby file and serve their Response to Plaintiffs' DONYS FRANCISCO GONZALEZ MERCADO and ERNESTO JOSE HERNANDEZ AMADOR Statement of Claim as follows:

1. Defendants deny that Plaintiffs are entitled to any of the alleged damages they seek under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs have not shown that they worked any hours over forty (40) during any period of their employment.

---

[1] On March 31, 2016, the Court issued its Notice of Court Procedures in Actions Brought Under the Fair Labor Standards Act. Therein, the Court directed the Plaintiffs to file a "Statement of Claim" and serve a copy of the Statement, all supporting documents and the Court's Notice on Defendants' once Defendants entered an appearance. Defendants' appearance was entered on May 3, 2016 when Defendants filed their Unopposed Motion for Extension of Time to File the Answer to the Complaint. However, Defendants were not served with the Notice of Court Procedures or Statement of Claim until May 19, 2016.

385369

2. Assuming *arguendo* that Plaintiffs are entitled to any unpaid overtime, their damage calculation methodology is flawed in (at least) seven (7) ways:

a. Plaintiffs' assumption that they are owed wages for a time period in excess of 104 weeks is incorrect. Plaintiffs filed the instant lawsuit on March 31, 2016. Pursuant to 29 U.S.C. §255, the statute of limitations for a claim of unpaid wages is two (2) years. Thus, the applicable time period for which Plaintiffs may seek recovery of wages is March 29, 2014 through March 31, 2016.

b. Plaintiffs' assumption that they should be paid for ten (10) hours per week is similarly flawed. Plaintiffs' alleged overtime hours per week assumes that they worked five days a week every week which, to date, they have not shown.

c. Plaintiffs incorrectly assume that the ten (10) hours of alleged uncompensated work were all performed during overtime hours and should thus be compensated at their overtime rate. This assumes that Plaintiffs worked overtime in every week of their employment with Defendant Loewen Décor, Inc., which, to date, has not been shown.

d. Plaintiffs incorrectly assert that they are entitled to liquidated damages. Liquidated damages are subject to the limitations set forth in 29 U.S.C. §216, which, to date, have not been established.

e. If Plaintiffs worked more than forty (40) hours per week they did so without the actual or constructive knowledge or consent of Defendants and, therefore, are not entitled to extra pay for such time.

    f. If Plaintiffs worked more than forty (40) hours per week they failed to notify or deliberately prevented Defendants from acquiring knowledge of the alleged overtime they claim to have worked.

    g. To the extent Plaintiffs can prove that they were not paid overtime on any particular workweek, such failure to pay was due to inadvertence or mistake.

  In conclusion, Plaintiffs' alleged damages are misstated and unsupported. Even assuming that Plaintiffs were not paid for all hours worked in accordance with the FLSA, Plaintiffs' suggested methodology results in an artificially high number. Accordingly, this Court should reject Plaintiffs' proposed calculations of their damages.

Dated: **May 24, 2016**

Respectfully submitted,

s/Rodolfo Gomez
Rodolfo Gomez
Florida Bar No. 0820903
rgomez@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
121 Majorca Avenue, Third Floor
Coral Gables, Florida 33134
Tel.: 305-445-7801
Fax: 305-442-1578
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 24, 2016**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Rodolfo Gomez

## SERVICE LIST

Donys Francisco Gonzalez Mercado, et al. vs. Loewen Décor, Inc., et al.

**CASE NO.: 1:16-cv-21112-JAL**

Jamie H. Zidell, Esq.
zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel.: (305) 865-6766
Fax.: (305) 865-7167
*Counsel for Plaintiffs*

Rodolfo Gomez, Esq.
rgomez@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Defendants*