## SETTLEMENT, MUTUAL GENERAL RELEASE AND MUTUAL NON-DISCLOSURE AGREEMENT

THIS SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between DONYS FRANCISCO GONZALEZ MERCADO (hereinafter "Plaintiff") and ANDRES S. LOWENTRAUT and LOEWEN DÉCOR, INC. (which terms shall collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former officers, directors, stockholders, members, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities) (hereinafter referred to as "Defendants") (collectively hereinafter the "Parties").

WITNESSETH:

WHEREAS, Plaintiff filed a civil action against Defendants in the United States District Court, Southern District of Florida, to which case number 1:16-cv-21112-CIV-JAL was assigned (hereinafter referred to as the "civil action"), and in which Plaintiff alleges claims under the Fair Labor Standards Act.

WHEREAS, Defendants deny Plaintiff's claims;

WHEREAS, Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them; and

WHEREAS, Plaintiff acknowledges that any payment received pursuant to this Agreement constitutes consideration which Defendants contend he would not otherwise be entitled to receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the parties as follows:

1. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

*DF GM*

385771

2. Plaintiff agrees that he shall take all necessary actions to execute, serve and file all documents and pleadings necessary to dismiss the civil action with prejudice.

3. In full settlement of all claims including attorney's fees and costs, Defendants, jointly and severally, shall pay Plaintiff and his attorneys the total sum of Fourteen Thousand Five Hundred Dollars and Zero Cents ($14,500.00) (the "Settlement Funds") which shall be issued in two (2) checks and shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, no later than thirty (30) days of Court Approval and Dismissal of this Action with Prejudice as follows:

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel as follows:

(a) Plaintiff shall receive the total amount of Seven Thousand Four Hundred Forty Dollars and 00/100 Cents ($7,440.00) made payable to Plaintiff for which an IRS Form 1099 shall be issued, of which Three Thousand Seven Hundred Twenty Dollars and 00/100 Cents ($3,720.00) represents unpaid wages and Three Thousand Seven Hundred Twenty Dollars and 00/100 Cents ($3,720.00) represents liquidated damages; and

(b) Plaintiff's Counsel shall receive the total amount of Seven Thousand Sixty Dollars and 00/100 Cents ($7,060.00) made payable to Plaintiff's Counsel "J.H. Zidell, P.A." of which Five Thousand Eight Hundred Dollars and 00/100 Cents ($5,800.00) represents attorneys' fees and One Thousand Two Hundred Sixty Dollars and 00/100 Cents ($1,260.00) represents costs in this litigation.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Motion for Approval and for Dismissal with Prejudice no later than November 10, 2016.

The parties agree that it is the responsibility of Plaintiff's counsel, J. H. Zidell, P.A., to remit and disburse all sums owed to Plaintiff under the terms of this Agreement.

Plaintiff agrees that he is liable and fully responsible for payment of any and all taxes normally and customarily paid in association with such payment, including any penalties, interest or other costs attributable to the late payment of such taxes. Plaintiff agrees that he will indemnify and hold Defendants harmless from any tax liability normally and customarily paid by the Employee, including penalties and interest, in the event the IRS or any government agency subsequently determines that taxes, penalties, interest or other costs normally and customarily paid by the Employee are due for the sums paid pursuant to this Agreement.

The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has

DFGM

had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

4. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Twenty Thousand Dollars and 00/100 Cents ($20,000.00). In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

5. Plaintiff agrees that he is waiving all rights to employment or to be considered for employment as an employee, temporary employee, independent contractor, consultant, or in any other capacity with Defendants. The parties agree and further acknowledge that Plaintiff is not waiving claims or rights arising after the execution of this Agreement but that Plaintiff has contractually agreed not to apply for employment with Defendants in the future and this Agreement shall constitute a bar of any claim that Plaintiff may have should Plaintiff apply for employment with Defendants in the future and not be hired.

6. It is expressly understood by Plaintiff and his attorneys that the obligations of Defendants contained in paragraph 3 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or his attorney is now, or may become, entitled to, based upon any claim whatsoever arising out of his alleged employment with Defendants or otherwise (including special, general or exemplary damages, attorney's fees, interest, expenses, and costs actually incurred), except with regards to future fees and costs related to collection and/or breach of this Agreement.

7. The Parties warrant that he/it, their respective spouses, family members, attorneys and accountants have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their attorney(s) and accountant(s); (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for the respective Parties via email, and confirmed immediately thereafter in writing so that the Parties will have the opportunity to intervene to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

The parties further agree that in the event that either Party is proven to violate this provision, the non-breaching Party shall be entitled to the following from him/it:

a. Any and all actual damages, including compensatory damages suffered;

b. Liquidated damages in the amount of $1,000.00 per proven violation; and

DF GH

c.  The agreement by the breaching-Party to the entry of a Restraining Order/ Injunction.

The parties further acknowledge that if either Party is asked about the civil action, he/it may only respond that the "matter was amicably resolved," or that the "matter has been settled to the parties' mutual satisfaction," or other words to that effect. The Parties acknowledge and agree that under this paragraph he/it is specifically prohibited from <u>initiating</u> any communication, verbally or in writing, with any person, business, organization, corporation, association or governmental agency regarding the institution of the civil action against Defendants or the underlying facts in that action.

8. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position held by Plaintiff while working for Defendants.

9. In consideration for the promises contained in this Agreement, Defendant unconditionally release and discharge Plaintiff from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against Plaintiff, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Plaintiff committed prior to the date of this Agreement.

The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against each other and the Parties hereby certify that they have not filed any claim and do not intend to file any claims, demands, liabilities, and causes of action against each other for actions that occurred prior to the date of this Agreement, related to and/or involving Plaintiff's employment, other than claims to enforce this Agreement and/or for collection.

This Agreement shall affect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in this Civil Action.

10. Plaintiff hereby unconditionally and irrevocably releases and forever discharges Defendants of and from, and agrees not to sue and not to assert against them any causes of action, claims and demands whatsoever, known or unknown, at law, in equity, or before any agency or commission of local, state and federal governments, arising, alleged to have arisen, or which might have been alleged to have arisen, or which may arise under any law including, but not limited to, federal, state or municipal anti-discrimination laws such as Title VII of the Civil Rights Act of 1964, as amended in 1972, 1991, the Florida Civil Rights Act, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, Chapter 448, Florida Statutes,

DF6H

Section 440.205, Florida Statutes, Article X, Sec. 24 of the Florida Constitution and statutes and laws of contract and torts that Plaintiff on behalf of himself and on behalf of persons similarly situated, ever had, now have or which Plaintiff's heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause whatsoever, to the effective date of this Agreement.

8. The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

9. The parties hereto represent and acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the parties or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

10. The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

11. Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs incurred in such proceeding.

12. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term, or provision shall be deemed not to be part of this Agreement.

14. The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed. A facsimile signature shall be deemed to be an original.

DF6H

15. The parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph 3 is contingent upon the entry of an Order from the Court dismissing the civil action with prejudice.

16. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

17. Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

18. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

19. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

Plaintiff:

11/07/16
Date

DONYS FRANCISCO GONZALEZ MERCADO

Defendants:

_____
Date

ANDRES S. LOWENTRAUT

LOEWEN DÉCOR, INC.

_____
Date

By:_____
Name:_____
Title:_____

Page 6 of 6

understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

17. Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

18. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

19. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

**Plaintiff:**

_____  
Date

_____  
DONYS FRANCISCO GONZALEZ MERCADO

**Defendants:**

11/10/16  
Date

_____  
ANDRES S. LOWENTRAUT

LOEWEN DÉCOR, INC.

_____  
Date

By: Loewen Decor, Inc.  
Name: Andres Lowentraut  
Title: President